STANDARD BREWERY v. MASSACHUSETTS BONDING
AND INSURANCE COMPANY.

[No. 10,013.  Filed January 16, 1920.  Rehearing denied June 17, 1920.]

1. JUSTICES OF THE PEACE.—*Appeal Bond.—Construction.*—In an action to reform a bond given on appeal from a justice of the peace, the bond should be read in connection with the transcript filed therewith by the justice.  p. 425.

2. JUSTICES OF THE PEACE.—*Appeal by Administratrix.—Requisites.—Appeal Bond.—Statutes.*—Section 687 Burns 1914, §645 R. S. 1881, providing that executors, administrators and guardians may have an appeal and stay of proceedings in the court below without bond, does not apply to appeals from a justice court, so that an administratrix appealing from a justice of the peace to the circuit court under §§1790, 1791, 1794 Burns 1914, §§1499, 1500, 1503 R. S. 1881, is not entitled to appeal without filing a bond.  p. 425.

3. APPEAL.—*Appeal by Administratrix.—Order of Court.—Presumptions.*—Having procured an order from the superior court authorizing her to appeal from a justice of the peace, and having acted upon the order, it must be presumed that an administratrix accepted the condition imposed by it that she give an appeal bond with a named bonding company as surety thereon.  p. 426.

4. JUSTICES OF THE PEACE.—*Appeals.—Statutes Governing.—Construction.*—The right of appeal from a justice of the peace is purely statutory, and, while this right will not be abridged by strict construction, a statute prescribing the conditions on which an appeal may be taken will be strictly construed and rigidly enforced.  p. 426.

5. JUSTICES OF THE PEACE.—*Appeal by Administratrix.—Bond.—Validity.*—A bond executed by an administratrix to enable her to appeal from a judgment in a justice of peace court which had been rendered against her decedent and which could have been filed as a claim against his estate, is valid, in view of §1278 Burns 1914, §1221 R. S. 1881.  p. 427.

6. PRINCIPAL AND SURETY.—*Appeal Bond.—Surety's Liability.*— The undertaking of a surety company executing an appeal bond, for an administratrix appealing from a judgment rendered against her decedent in a justice of the peace court is not governed by the law of private suretyship, but by the law of insurance. p. 427.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by the Standard Brewery against the Massachusetts Bonding and Insurance Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Fred Barnett* and *Lyle McKinney,* for appellant.

*Bomberger, Peters & Morthland, Moses, Rosenthal & Kennedy* and *H. E. Soble,* for appellee.

DAUSMAN, J.—This action was instituted by appellant against the appellee to reform an appeal bond and to recover thereon. In addition to other facts, the complaint avers:

"That on the 21st day of May, 1913, the plaintiff recovered a judgment against one Frank Tatarik, before a Justice of the Peace, in the sum of $350.00 and costs and also for the possession of certain real estate. On the 25th day of September, 1913, the Lake Superior Court granted Victoria Tatarik, administratrix of the estate of Frank Tatarik, deceased, permission to take an appeal from said judgment, on filing an appeal bond, with appellee as surety thereon, before said Justice of the Peace. Thereupon the administratrix filed her appeal bond, with appellee as surety thereon, before said Justice of the Peace, which bond was by him approved on the 26th day of September, 1913. A transcript of the proceedings before the Justice of the Peace, together with said bond, was filed in the Lake Superior Court, and the appeal was docketed in said Court as Cause No. 10696, on October 6, 1913. The cause was venued to the Porter Circuit Court where judgment was ren-

424 · APPELLATE COURT OF INDIANA,

Standard Brewery *v.* Mass. Bonding, etc., Co.—73 Ind. App. 422.

dered against the administratrix of the estate for $350.00 and for possession of the real estate. The entire value of the assets of the estate of Frank Tatarik, deceased, was $315.25, all of which the Court set over to the widow to apply on her statutory allowance, and said estate is insolvent. Appellant's judgment remains wholly unpaid. By mistake and inadvertence of the scrivener who prepared the appeal bond, certain mistakes appear therein (which mistakes are then described in the complaint).

"And plaintiff further avers that said appeal was taken by said Victoria Tatarik as such administratrix for the purpose of permitting her to remain in possession of the premises in question, where she was operating and conducting a saloon under a license issued by the Board of Commissioners of Lake County, Indiana, to said Frank Tatarik, and for the purpose of enabling her to operate said saloon until said license expire, or until she had transferred it, as provided by law, and that she did so occupy said premises for such purpose after said appeal was granted, and said bond herein was given for the purpose of perfecting said appeal."

The prayer is that the bond be reformed; that plaintiff have judgment for $360.85, with interest and costs, and for all other proper relief. A copy of the bond was filed with, and made a part of, the complaint.

Appellee demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, appellant refused to plead further, and judgment was rendered accordingly. A memorandum was filed with the demurrer, specifying eighteen reasons why the complaint fails to state a cause of action; but they all go to two ultimate propositions: (1) That the complaint seeks to amend the bond on parol evidence, and (2) that the complaint shows on its face that the bond was

executed without any consideration moving to the administratrix or to the estate represented by her.

The bond is in the usual form of appeal bonds, but evidently it was prepared by some one who was devoid of skill and experience. But the bond is intelligible throughout, and the grammatical errors and other inaccuracies do not render the instrument so defective that a person of ordinary intelligence would mistake its meaning. Indeed it is not essential that the bond be reformed in order that an action may be maintained thereon. However, for the purpose of reformation, the bond should be read in connection with the transcript filed therewith by the justice of the peace; and we assume that the transcript will supply all the necessary data by which to make the corrections.

The appeal from the justice of the peace to the circuit court was taken pursuant to §§1790, 1791, 1794 Burns 1914, §§1499, 1500, 1503 R. S. 1881. Appellee contends that by virtue of §687 Burns 1914, §645 R. S. 1881, the administratrix was entitled to appeal without bond, and that therefore the bond was taken without authority and is not obligatory. Section 687 provides: "Executors, administrators and guardians may have an appeal and stay of proceedings in the court below, without giving an appeal bond."

This section is part of the Code of Civil Procedure. It relates primarily to appeals taken to the Supreme or Appellate Court. The township courts, commonly known as justice of the peace courts, are courts of inferior and limited jurisdiction and occupy a realm peculiarly their own. Acts 1861 p. 140, Art. 9, §1700 *et seq.* Burns 1914. The procedure prescribed by the Code is not applicable to cases in these inferior courts, except in special instances where it is made available by §1745 Burns 1914, §1456 R. S. 1881. We are of the opinion that §1745 does not relate to appeals, but relates only

426    APPELLATE COURT OF INDIANA,

Standard Brewery v. Mass. Bonding, etc., Co.—73 Ind. App. 422.

to the details of the procedure while a case is actually pending before a justice of the peace, and that it ought not to be extended or enlarged by construction, but should be limited strictly to that which is plainly expressed. See Brown v. Goble (1884), 97 Ind. 86.

Section 2980 Burns 1914, §2457 R. S. 1881, is part of the act relating to the settlement of decedent's estates and relates only to appeals from the court in which the estate is pending or from decisions made in vacation by the judge of that court.

By §§1790, 1791, supra, it is provided that an appeal may be taken to the circuit court from a judgment rendered by a justice of the peace within thirty days, on the filing of an appeal bond. By §1794, supra, it is provided that the circuit court may authorize an appeal after thirty days in certain cases.

It appears from the complaint that the superior court authorized the administratrix to take an appeal on the condition that she give an appeal bond with appellant as surety therein. Appellant is not contending that the condition precedent to taking the appeal, as fixed by the court, is void or even erroneous. Having procured that order and having acted upon it, it must be presumed that she accepted the condition thereby imposed.

The right of appeal is purely statutory; and, while the right to appeal will not be abridged by strict construction, nevertheless a statute prescribing the conditions on which an appeal may be taken will be strictly construed and rigidly enforced. We are not aware that the legislature has made any special provision for taking appeals from justices of the peace by administrators. In that respect they must stand on the same footing as other persons until the legislature may see fit to ordain otherwise.

The judgment rendered against Tatarik was final and

conclusive, and upon his death the judgment creditor was entitled to file it as a claim against his estate.

5. Had it been so filed, the administratrix could not have questioned the validity or the amount thereof. She was determined, however, to contest the matter which had been adjudicated by the justice of the peace, and the only possible way she could do that was by taking the appeal. The bond enabled her to take the appeal. The appeal put the judgment creditor to the expense and annoyance of litigating the matter over again. Under these circumstances the bond is valid. §1278 Burns 1914, §1221 R. S. 1881.

Furthermore, appellant's undertaking is not governed by the law of private suretyship, but by the law 6. of insurance. 32 Cyc 306; 21 R. C. L. 1160; Frost, Guaranty Ins. (2d ed.) §4 et seq.

The judgment is reversed, and the trial court is directed to overrule the demurrer to the complaint and to permit further proceedings not inconsistent with this opinion.