AMERICAN INDEMNITY CO. v. W. C.
MUNN CO., Inc.   (No. 8709.)*

(Court of Civil Appeals of Texas. Galveston.
Nov. 25, 1925. Rehearing Denied Dec.
23, 1925.)

1. Insurance ⬦624(7)—Contract against loss by infidelity of cashier held insurance contract, not requiring cashier to be party defendant.

An indemnity contract, insuring plaintiff against loss from infidelity of its cashier, *held* contract of insurance, under which defendant's obligation was primary, so as not to require that cashier be joined as party defendant, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6336, notwithstanding designation in contract of cashier as principal, and defendant as surety.

2. Appeal and error ⬦1051(3)—Admission of testimony which was not best evidence not prejudicial, where proper evidence was to same effect.

In action to recover on indemnity contract for cashier's infidelity, admission of testimony as to amount of shortage in cashier's account, objected to as not being best evidence because books should have been introduced, *held* not prejudicial, where cashier's admission and other uncontradicted evidence fixed amount of defalcation.

3. Insurance ⬦665(4)—Evidence sufficient to show plaintiff's cashier guilty of embezzlement entitling recovery under contract.

In action on indemnity contract for cashier's infidelity, evidence, including written admission of cashier, *held* sufficient to sustain finding of embezzlement of funds intrusted to cashier authorizing recovery.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the W. C. Munn Company, Inc., against the American Indemnity Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, for appellant.

Fulbright, Crooker & Freeman, of Houston, for appellee.

PLEASANTS, C. J. Appellee brought this suit against appellant to recover upon an indemnity bond or contract, issued by appellant to appellee, by which appellee was insured for a period of one year in the sum of $2,500 against any loss it might sustain through the infidelity or dishonesty of its cashier. Appellant answered by general demurrer and general denial, and by several special pleas, the nature of which is immaterial to any question presented by the appeal, and therefore need not be stated. The trial in the court below with a jury resulted in a verdict and judgment in favor of appellee in the sum of $2,349.47.

The instrument upon which the suit is brought, and which is attached to and made a part of plaintiff's petition, after giving the name of the person who had been appointed by appellee its cashier, and designating the cashier as "principal," and the appellee as "obligee," contains the following obligation:

"Now, therefore, in consideration of the sum of twelve and 50/100 ($12.50) dollars, paid as a premium for the period from the 20th day of March, 1922, to the 20th day of March, 1923, at 12 o'clock noon, and upon the faith of the said statement as aforesaid by the obligee, and any subsequent statement or statements, all of which statements the obligee hereby warrants to be true, it is hereby agreed and declared that subject to the provisions and conditions herein contained, which shall be conditions precedent to the right on the part of the obligee to recover under this bond, the surety shall, within three months next after notice, accompanied by satisfactory proof of a loss as hereinafter mentioned, has been given to the surety, make good and reimburse to the obligee to the extent of the sum of two thousand five hundred' and no/100 ($2,500.00) dollars and no further, all and any pecuniary loss sustained by the obligee, of money, securities, or other *personal property in the possession of the principal, or for the possession of which he is responsible*, by any act of dishonesty on the part of said principal in the discharge of the duties of his office or position as set forth in said statement referred to, amounting to larceny or embezzlement, and which shall have been committed during the period of this bond, or any renewal thereof, and discovered during said period, or within six months thereafter, or within six months after termination hereof by cancellation, or by the death, dismissal, or retirement of the principal from the service of said obligee, whichever of these events shall first happen.

"Sealed with our seals, and dated this 20th day of March, 1922."

This obligation is followed by various requirements and conditions, none of which is material to any issue presented by the record. The instrument is signed by the so-called "principal" and by appellant, with the word "surety" written opposite its name. The fol-

---

lowing is the only obligation of the so-called "principal" contained in the instrument:

"And the said principal doth hereby for himself, his heirs, executors, and administrators, covenant and agree to and with the said surety that he will save, defend, and keep harmless the said surety, from and against all loss and damage of whatever nature or kind, and from all legal and other costs and expenses, direct or incidental, which the said surety shall, or may, at any time sustain, or be put to (whether before or after any legal proceedings by, or against it, to recover under this bond, and without notice to him thereof), or for, or by reason, or in consequence of the said surety having entered into the present bond."

[1] Under appropriate assignments and propositions appellant assails the judgment on three grounds. It is first contended that the pleadings and evidence both show that appellant executed the instrument sued on as surety for appellee's cashier, and, the principal in the contract not having been joined in the suit by appellee, no judgment could have been properly rendered against appellant, and the trial court erred in not instructing a verdict in appellant's favor.

We cannot agree with appellant in its construction of the contract upon which the suit is founded. We think it clear that this contract is one of insurance, and, appellant's obligation thereunder being primary, suit can be maintained thereon without making the cashier a party defendant.

In the case of Southern Surety Co. v. Citizens' State Bank of Hempstead, 212 S. W. 556, this court held that a contract of this kind, even though in form it purported to be a contract of suretyship, should be regarded as a contract of insurance by which the company, guaranteeing the fidelity of an employee of the bank, became primarily liable to the bank, and could be sued without the employee being joined as a defendant.

Notwithstanding the fact that a writ of error was granted in that case, we feel constrained to adhere to the conclusion therein expressed as to the primary character of the appellant's obligation.

In the instant case, the obligation of appellant is more clearly primary than that of the surety company in the case cited. The contract in that case was in the usual form of a bond obligating both the principal and surety to repay the bank any loss sustained by it through the defalcation of the principal. In the contract in this case, the cashier assumes no obligation of any kind to the appellee, and the obligation of appellant is direct and primary and in no sense conditioned on the failure of the cashier to repay appellee such amount as it might lose by the cashier's dishonesty. Such being the unequivocal import of appellant's obligation, its character is not changed by appellant's designating the cashier as "principal," and itself as "surety."

Corpus Juris, vol. 25, p. 1089, speaking of such contract, says:

"A contract is sometimes in a form very similar to that of a policy of insurance, while frequently it is in the form of a bond of indemnity. It is sometimes issued upon the application of the employer, and sometimes on the application of the employee; but, whatever the form of the contract, it is well established that guaranteeing the fidelity of employees, and persons holding a position of trust, is a form of insurance, and that such contract is subject to the rules applicable to insurance contracts generally and not to the rule applied to the ordinary sureties for accommodation"—citing among other cases the case of Southern Surety Co. v. Citizens' State Bank of Hempstead (Tex. Civ. App.) 212 S. W. 556; National Surety Co. v. Murphy-Walker Co. (Tex. Civ. App.) 174 S. W. 997; and numerous other cases from other states.

Quoting from Corpus Juris further, it is said:

"A contract of insurance for the fidelity of an employee is an original undertaking insuring against loss through the dishonesty of the employee, and is not within the statute of fraud requiring a special promise to answer for the debt, default, or misdoings of another to be in writing."

This being the nature of appellant's contract obligation, it follows that article 6336, Vernon's Sayles' Civil Statutes, which provides that "no surety shall be sued, unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in the cases provided for in article 1843," has no application, and the trial court correctly so held.

[2] Appellant next complains of the ruling of the trial court permitting appellee's witness Munn to testify as to the amount of shortage in the account of the cashier, over appellant's objection that the books of appellee were the best evidence of the amount of the shortage. If the rule of evidence invoked by appellant in this objection was violated by the admission of the evidence to which the objection was made, the error was harmless.

The undisputed evidence and the written admission of the cashier, sworn to before a notary public, shows that she was intrusted by appellee with the custody and control of a fund of $5,000, and that, when called upon for an accounting, the fund was short in the amount claimed by plaintiff. Upon this state of the evidence, it was unnecessary for plaintiff to produce its books, which witness Munn stated showed the amount of the shortage. Conceding that Munn's testimony as to what the books showed was inadmissible, in view of the admission of the cashier and other uncontradicted evidence, his testimony could not possibly have affected the verdict of the jury fixing the amount of the defalcation.

[3] There is no merit in appellant's final contention that the evidence is insufficient to

sustain the finding of the jury that the cashier was guilty of embezzlement of funds intrusted to her by the appellee. The written admission of the cashier was sufficient to sustain this finding, and all the evidence tends to support the conclusion that the cashier wrongfully appropriated to her own use and benefit the amount of the fund claimed by appellee to have been appropriated by her.

None of appellant's grounds for reversal of the judgment can be sustained.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.