**SOUTHERN SURETY CO. v. AUSTIN, Banking Commissioner. (No. 7194.)**

Court of Civil Appeals of Texas. Austin.
Feb. 8, 1928.

Rehearing Denied Feb. 29, 1928.

1. Insurance ⬥124—Contract guaranteeing fidelity of bank cashier against embezzlement, etc., was "insurance contract."

Contract guaranteeing fidelity of bank cashier against embezzlement, misappropriation, etc., was insurance contract and subject to rules applicable to "insurance contracts" generally and not to those applying to ordinary sureties for accommodation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insurance.]

2. Insurance ⬥124—In contract guaranteeing fidelity of employee, recital that employee is "principal" and company is "surety" does not necessarily bring contract under rules governing principal and surety.

Recital in contract guaranteeing fidelity of employees against embezzlement, etc., that employee is "principal" and that company is "surety" does not necessarily determine its character nor bring such contract under rules governing principal and surety, but nature of contract considered as whole and purpose for which it was executed determine its character.

3. Insurance ⬥603—Obligation of company guaranteeing fidelity of bank cashier against embezzlement was primary obligation, and statutes authorizing surety to require suit to be brought did not apply (Rev. St. 1925, arts. 6244 and 6245).

Obligation of company guaranteeing fidelity of bank cashier against embezzlement or misappropriation of funds, where contract was signed by cashier as "principal" and by company as "surety," was primary obligation and one in which it was not entitled to be protected as surety within purview of Rev. St. 1925, arts. 6244 and 6245, authorizing sureties to require suit to be brought.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Charles O. Austin, Banking Commissioner, against the Southern Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. T. Suggs, of Denison, for appellant.
A. J. Lewis, of Austin, and Spencer & Rogers, of San Antonio, for appellee.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BAUGH, J. This is an appeal from a judgment of the district court of Travis county in favor of the appellee against appellant for the sum of $4,904.60 on an indemnity bond. Only one question is involved; that is, whether or not the surety company was primarily liable on the bond in question, or whether it was only a surety and entitled to the protection of the law (articles 6244 and 6245, R. S. 1925) relating to principal and surety.

The facts are substantially as follows: One Richard Ready was, during 1926, and for several years prior thereto had been, cashier of the First Guaranty State Bank of Era, Tex. The bond in question was an indemnity bond in the sum of $5,000 to protect the bank against embezzlement or misappropriation of funds by Ready as such cashier, and was signed by Ready, recited as "principal," and by appellant, recited as "surety." The premium was paid by the bank, and the obligation of the bond was as follows:

"Now, if the above-bounden officer and surety shall hold the bank harmless against, and pay to it such pecuniary loss as it may sustain of money or other valuable securities embezzled, wrongly abstracted, or willfully misapplied by said officer in the course of his employment as such, and in the course of his employment in any other position in the bank to which he may be appointed, reappointed, elected, re-elected, or temporarily assigned, then this obligation is void; otherwise to be and remain in full force and effect."

This bond also contained provisions relative to dealings directly between the bank and the surety company at its home office at Des Moines, Iowa, to proofs of loss, to renewals of the bond upon the application of the bank and payment by it of premium, to increasing or decreasing the amount of the bond upon payment of an increased or decreased premium, and other provisions not pertinent here. And such renewals, increases, or decreases were authorized without the cashier joining therein.

The cashier embezzled or misappropriated funds belonging to the bank while said bond was in force, and on March 26, 1926, the appellant wrote appellee, who was then in charge of said bank for purposes of liquidation, that, if said commissioner was seeking to hold it liable under said bond, he was thereby notified to bring suit forthwith in accordance with the provision of articles 6244, 6245, Revised Statutes. The commissioner failed to bring said suit at either of the next two terms of the district court having jurisdiction of the cause of action, and, if the surety company was only a surety on said bond within the purview of said statutes, it was discharged from liability.

[1, 2] We deem any extended discussion of this question here unnecessary. Contracts of this character (that is, guaranteeing the fidelity of employees and persons holding positions of trust, against embezzlement, defalcation, or misappropriation) have uniformly been construed as contracts of insurance, and subject to the rules applicable to insurance contracts generally, and not to those applying to ordinary sureties for accommodation. A recital that the employee is "principal" and that the company is "surety" does not necessarily determine its character nor bring such contract under the rules governing principal and surety. The nature of the contract, considered as a whole, and the purpose for which it was executed, determine its character. We find no material difference between the bond in this case and the one passed on by the Galveston Court of Civil Appeals in American Indemnity Co. v. Munn, 278 S. W. 957, writ of error refused, which we consider determinative of this case. See, also, Southern Surety Co. v. Citizens' State Bank of Hempstead (Tex. Civ. App.) 212 S. W. 556; National Surety Co. v. Murphy-Walker Co. (Tex. Civ. App.) 174 S. W. 997; Western Indemnity Co. v. Free and Accepted Masons (Tex. Civ. App.) 198 S. W. 1092.

[3] Under the holdings in the above-cited cases, the obligation of appellant to the banking commissioner was a primary obligation and one in which it was not entitled to be protected as a surety within the purview of articles 6244, 6245. The judgment of the trial court is affirmed.

Affirmed.