The ST. PAUL INSURANCE COMPANY, Appellant,

v.

BONDED REALTY, INC., Appellee.

No. 6777.

Court of Civil Appeals of Texas, El Paso.

Feb. 21, 1979.

Rehearing Denied March 14, 1979.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas, Colbert N. Coldwell, El Paso, for appellant.

Collins, Langford & Pine, Robert S. Pine, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a summary judgment case involving a claim by an insured against its insurer under what is commonly called an errors and omissions policy. The question involved is whether the errors and omissions policy provides coverage for deceptive trade practices on the part of the insured. We hold that there was no coverage, and we reverse the judgment of the trial Court and render judgment for the insurer.

Judgment was recovered against Appellee by the buyer of a house in which Appellee acted as the realtor in effecting the sale. Appellee was insured by Appellant under an errors and omission policy; upon Appellant's refusal to appeal the judgment, Appellee then compromised and settled it and brought this action against Appellant under the policy seeking to recover the amount of the compromised judgment which it had to pay together with attorney's fees. Both parties moved for summary judgment and the trial Court granted that of Appellee, allowing recovery for the sums it was required to pay plus additional attorney's fees. It is from this summary judgment that this appeal is taken.

Appellant's insuring agreement stated: "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages arising out of the conduct of their business as real estate agents and caused by any negligent act, error or omission of the Insured or any other person for whose acts the Insured is legally liable." The policy also had an exclusion clause, which Appellant pled, that the insurance does not apply "To any dishonesty, intentional fraud, criminal or malicious act, * * *" The judgment against Appellee was based on jury findings that in the sale of the house it committed two deceptive trade practice acts under the Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Comm. Code Ann. sec. 17.46 (Supp. 1978–79). One such act was found by a cluster of issues to be: that there was in fact a defect in design or construction of the roof, that the Appellee knew of it, that Appellee knowingly withheld the fact of the defect from the buyers, and that such action was a deceptive trade practice which was a producing cause of adverse effects on the buyers. The second deceptive trade practice act found by the jury is one on the statutory list of sec. 17.46(b) and it was a finding that Appellee represented the house and all of its component parts to be new when it was not new.

The question presented, then, is whether these acts are within the coverage of the policy for negligent acts, errors or omissions as limited by the exclusion for dishonesty, intentional fraud, criminal or malicious acts. We conclude, for the reasons to be stated, that these findings under the Deceptive Trade Practices Act are not covered by the omissions and errors policy.

Section 17.46 of the Act says: "(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Subsection (b) then contains a list of specific acts or practices which the law identifies as false, misleading or deceptive. The Supreme Court has said: "If any one of those listed acts or practices is found factually to have happened, it is by law an unlawful deceptive trade practice because subsection 17.46(b) makes it unlawful." *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978). In the case before us, we have two findings of deceptive trade practices which resulted in the judgment against the Appellee—two "unlawful" acts. To recover under the policy of insurance, Appellee must prove that the loss occurred from its "negligent act, error or omission." In that it has failed. It was not insured against its unlawful acts—to the contrary, any "dishonesty, intentional fraud, criminal or malicious act" was excluded from coverage. Its loss here, the judgment against it, is for unlawful acts for which there is no coverage.

The judgment of the trial Court is reversed and judgment is here rendered that Appellee take nothing against Appellant.