

# The Attorney General of Texas

November 24, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Executive Director
Employees Retirement System
18th & Brazos Streets
Austin, Texas 78701

Honorable Bruce Hineman
Acting Executive Secretary
Teacher Retirement System
1001 Trinity
Austin, Texas 78701

Opinion No. MW-276

Re: Liability for mismanagement of Employees Retirement System or Teacher Retirement System funds and related questions

Gentlemen:

You have asked what the liability of your respective systems would be if an investment or benefit program were negligently administered by an officer or employee, and whether the systems might purchase "errors and omissions" insurance to protect system employees, committee members, and officers against personal liability.

The Teacher Retirement System and the Employees Retirement System are state agencies. Teacher Retirement System v. Duckworth, 264 S.W. 2d 98 (Tex. 1954). See Farrar v. Board of Trustees of Employees Retirement System, 243 S.W. 2d 688 (Tex. 1951). Cf. Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees, 308 S.W. 2d 904 (Tex. Civ. App. – San Antonio 1957, writ ref'd). As instrumentalities of the state, the systems themselves are not liable for the torts of their officers or employees in the absence of a constitutional or statutory requirement to the contrary. See Lowe v. Texas Tech University, 540 S.W. 2d 297 (Tex. 1976); 52 Tex. Jur. 2d State of Texas §50, at 761. Cf. Teacher Retirement System v. Neill, 563 S.W. 2d 873 (Tex. Civ. App. – Waco 1978, writ ref'd n.r.e.); Comanche County v. Burks, 166 S.W. 470 (Tex. Civ. App. – Fort Worth 1914, writ ref'd).

Except for statutory provisions that require the systems to correct any unauthorized changes or errors in their records that would increase or decrease the entitlement of members, and to adjust future payments accordingly "so far as practicable," we have found no existing laws that would deprive the systems of their governmental immunity defense to civil actions for negligence in the fiscal management or disposition of assets. See

V.T.C.S. art. 6228a, §10; Educ. Code §3.59(p). Cf. V.T.C.S. art. 6252-19 (Texas Tort Claims Act). You specifically ask about article 6252-26, V.T.C.S. That statute does not deprive state agencies, their officers or employees of governmental immunity. It is designed to furnish a legal defense to officers and employees charged by third parties with negligence in the performance of official duty, and to furnish a measure of indemnity if the defense is unavailing. See Day and Jacobs, Sovereign Immunity, 31 Baylor L. Rev. 389 (1979).

Every public officer is legally bound to faithfully perform the duties of his office and is liable to the state if he fails to do so, causing it injury. Brown v. Sneed, 14 S.W. 248 (Tex. 1890). See Hatcher v. State, 81 S.W. 2d 499 (Tex. 1935); Bolton v. State, 154 S.W. 1197 (Tex. Crim. App. 1913). See also V.T.C.S. art. 6228a, §10; Penal Code §39.01 Educ. Code §3.06. But absent an applicable statute, a public officer in Texas is not generally responsible to members of the public for acts performed within the course and scope of his public duties, or for failure to properly discharge discretionary duties owed the public — at least where he does not act willfully or with malice. See Campbell v. Jones, 264 S.W. 2d 425 (Tex. 1954); Torres v. Owens, 380 S.W. 2d 30 (Tex. Civ. App. - Corpus Christi 1964, writ ref'd n.r.e.); 47 Tex. Jur. 2d Public Officers §130, at 167-70. Cf. Borger Independent School District v. Dickson, 52 S.W. 2d 505 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Grimm v. Arizona Board of Pardons and Paroles, 564 P. 2d 1227 (Ariz. 1977).

Both retirement systems are established as corporate entities by constitutional sanction, and the standard of care to be exercised by the trustees of each in the investment of trust funds is set out by the constitution and statutes. Tex. Const. art. XVI, §67; V.T.C.S. art. 6228a, §§2, 7A; Educ. Code §§3.01, .60. Prior to the time a right vests in beneficiaries to have funds paid over, the monies managed by the respective trustees are public funds, not private funds. See City of Dallas v. Trammell, 101 S.W. 2d 1009 (Tex. 1937); Devon v. City of San Antonio, 443 S.W. 2d 598 (Tex. Civ. App. - Waco 1969, writ ref'd); Lack v. Lack, 584 S.W. 2d 896 (Tex. Civ. App. - Dallas 1979, writ ref'd n.r.e.); Cook v. Employees Retirement System of Texas, 514 S.W. 2d 329 (Tex. Civ. App. - Texarkana 1974, writ ref'd n.r.e.). Cf. Conlen Grain and Mercantile, Inc. v. Texas Grain Sorghum Producers Board, 519 S.W. 2d 620 (Tex. 1975). It follows that the failure of a trustee to faithfully perform his duty with respect thereto is actionable not at the instance of injured employees or beneficiaries, but at the instance of the state. See Tex. Const. art. IV, §25; V.T.C.S. art. 4400.

In many respects "errors and omissions" insurance coverage is similar to a faithful performance bond, but its purpose is not the same. Faithful performance bonds are contracts of fidelity insurance. Great American Indemnity Company v. State, 229 S.W. 2d 850 (Tex. Civ. App. - Austin 1950, writ ref'd). See Tolbert v. Standard Accident Insurance Co., 223 S.W. 2d 617 (Tex. 1949); Southern Surety Co. v. Austin, 17 S.W. 2d 774 (Tex. Comm'n App. 1929). Errors and omissions coverage is a form of malpractice insurance designed to protect an insured from the consequences of negligence for which he is himself liable. It does not ordinarily cover dishonesty,

intentional fraud, or criminal or malicious acts. See St. Paul Insurance Co. v. Bonded Realty, Inc., 578 S.W. 2d 191 (Tex. Civ. App. - El Paso), writ ref'd n.r.e., 583 S.W. 2d 619 (Tex. 1979); Attorney General Opinion H-1042 (1977); 13 G. Couch, Cyclopedia of Insurance Law, §48:165, at 607 (2d ed. 1965). Faithful performance bonds, on the other hand, cover those acts as well as negligence and are designed to protect the person to whom the bond is given, not the officer or employee whose faithful performance is guaranteed.

Any purchase of errors and omissions coverage for officers and employees would inure solely to the pecuniary benefit of the officers and employees thereby protected, not to the benefit of the retirement systems. The systems are already protected. Each system is specifically empowered to require performance bonds of trustees and employees in such amounts as the respective boards deem necessary (and to pay the premiums for them). V.T.C.S. art. 6228a, §11; Educ. Code §3.61. See V.T.C.S. art. 6003b. The purchase of errors and omissions coverage would serve no direct public purpose. The Texas Constitution prohibits the expenditure of public funds for other than public purposes. Tex. Const. art. III, §§51, 52. However, when insurance is properly purchased for officers and employees as an element of their compensation, no other public purpose need be shown. Attorney General Opinion H-1042 (1977).

The purchase of errors and omissions coverage as additional compensation for officers has been upheld where expressly authorized by law. Attorney General Opinions MW-156 (1980); H-1042 (1977). See Byrd v. City of Dallas, 6 S.W. 2d 738 (Tex. 1928). Purchases of insurance as an element of employee compensation can be impliedly authorized also. Attorney General Opinion M-989 (1971). In most cases there is no implied authority on the part of state agencies to provide additional insurance to officers and employees as an element of compensation because the amounts and types of compensation to be paid most state officers and employees are fixed by the biennial Appropriations Act. See V.T.C.S. arts. 6252-11 (Position Classification Act of 1961), 6813b (salaries of state officers and employees), 6813c (travel expenses and group insurance premiums). We have concluded, however, that the Employees Retirement System and the Teacher Retirement System are authorized to furnish such insurance to compensated officers and employees as an element of their compensation if they choose to do so. See Attorney General Opinion M-949 (1971).

The current Appropriations Act makes provisions for contributions by the state to match contributions required of the members of each system, but it contains no provision for the administrative expenses of either system. Acts 1979, 66th Leg., ch. 843, at 2627, 2770. As a consequence, the systems are not governed by articles 6813b, 6813c, or 6252-11, V.T.C.S., or by the Appropriations Act in fixing compensation. Attorney General Opinion M-949 (1971). See Attorney General Opinion H-681 (1975). The amounts and types of compensation to be paid by the systems to their officers and employees are governed instead by the statutes generally governing the systems.

Honorable Joseph N. Murphy, Jr.
Honorable Bruce Hineman
Page Four   (MW-276)


The trustees of both systems are expressly authorized by their statutes to approve the compensation of persons employed by the systems so long as the rates and amounts approved are not greater than those paid for similar services performed for the state.  V.T.C.S. art. 6228a, §6A(b)7; Educ. Code §3.59(j).  Although the total compensation they may pay an officer or employee is thus limited, the forms in which compensation may be paid are not.  Cf. Attorney General Opinion MW-136 (1980).  In our opinion, the trustees of the Teacher Retirement System and the Employees Retirement System, if they choose, may purchase errors and omissions insurance to protect compensated officers and employees as a part of the officers' or employees' total compensation.  We note, however, that trustees of the Teacher Retirement System and some trustees of the Employee Retirement System are required by statute to serve without compensation.  Educ. Code §3.59(f); V.T.C.S. art. 6228a, §6A(b)3.  See Attorney General Opinion H-958 (1977).

## S U M M A R Y

Aside from requirements that they correct any errors in their records and adjust future payments accordingly, the Teacher Retirement System and the Employees Retirement System have no civil liability under current law for the negligent management of trust assets or benefit programs. They are agencies of the state. The systems may nevertheless require faithful performance bonds of officers and employees (and pay the premiums), but they may provide errors and omissions insurance to officers and employees only as an element of compensation.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

Honorable Joseph N. Murphy, Jr.
Honorable Bruce Hineman
Page Five   (MW-276)


APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Nancy Lynch
Bruce Youngblood