J. M. VAUGHAN, Executor, v. SAMUEL J. LEWELLYN, et als.

*Reference—Practice—Evidence—Confidential Relations.*

1. The order of reference was as follows: "In this cause the order of reference heretofore made herein having been mislaid, it is agreed between the parties that D. C., Clerk of this Court, proceed to take and state an account," and "if not found, that an order be made as of the last term *by consent* according;" *Held*, that this makes a reference *by consent*.

VAUGHAN *v.* LEWELLYN.

2. The decision of the Judge in revising the report of a referee, is reviewable as to questions of law, but not as to the findings of fact.

3. When the vendor agrees to convey land to the vendee on the payment of the purchase money, which is deferred by the terms of the agreement, the burden of proving such payment is in the vendee, and such contract does not create any confidential relations between the parties, or raise any presumption of payment from slight proofs, which would be insufficient without the aid of such artificial presumption.

(*Atkinson* v. *Whitehead,* 77 N. C., 418; *Overby* v. *B. & L. Association,* 81 N. C., 56; *Grant* v. *Reese,* 82 N. C., 72; *Perry* v. *Tupper,* 74 N. C., 722, cited and approved. *McLeod* v. *Bullard,* 84 N. C., 515, distinguished and approved).

This was a CIVIL ACTION, tried before *Graves, Judge,* at the July Term, 1885, of the Superior Court of ROCKINGHAM county.

The facts were as follows:

The plaintiff alleges that his testator, P. Black, being the owner of the tract of land described in the complaint, and containing one hundred and ninety-six acres, on February 14th, 1871, entered into an agreement with the defendant Samuel, for the sale of the same, at the price of seven hundred dollars, for which sum the sealed note of the said Samuel was taken, payable one day after date, and reciting as well the consideration for which it was given, as that the title should remain in the vendor until all the purchase money was paid. At the same time, the testator executed his bond to the vendee, and therein binds himself and his heirs, upon payment of the bond with accrued interest, to make a deed, conveying a good and sufficient title in the said land to the *feme* defendant, the vendee's wife. The plaintiff further avers, that while his testator, in his life time, was always ready and willing to comply with his covenant obligation, the purchaser failed to pay any part of the money so due, except the small sum of $41 $\frac{86}{100}$, which is credited on the note of date June 1st, 1877. The present action is to recover judgment for what is due on the note, and, if necessary, for an order of sale of the land for its satisfaction.

The defendant's answer admits the series of facts alleged, in reference to the contract and the sealed instruments mentioned,

but avers that the debt has been paid in full, and asks that the plaintiff be required to make title to the *feme* defendant, according to his contract.

There was an order of reference made in the cause, which being lost or mislaid, was replaced by an agreement as follows : " In this cause, the order of reference heretofore made herein, having been mislaid, it is agreed between the parties that D. Settle, Esq., the Clerk of this Court, proceed to take and state an account between the parties in this cause, upon the issues raised by the pleadings, and that in case the said order is hereafter found, this reference shall be governed by the terms thereof ; and if not found, that an order be made, as of the last term, *by consent,* according to the rights of the parties under the pleadings." To this is attached the signatures of the attorneys in the cause.

Voluminous testimony was taken and reported by the referee, with his findings of fact and conclusions of law, to-wit :

"1st. That Samuel J. Lewellyn, one of the defendants named in the pleadings, did, on February 14th, 1871, execute and deliver to the plaintiff's testator, P. Black, his bond of said date, due and bearing interest one day after date, in the sum of $700, being purchase money for the land described in the pleadings.

"2nd. That at the time of executing said bond, the said Black executed and delivered his undertaking to the said Samuel J. Lewellyn, obliging himself upon the full payment of said bond, with interest, to execute to the defendant, Sally Lewellyn, a good and sufficient title to the land named in the pleadings.

"3rd. That the following payments have been made on said bond, to-wit :

"On ...... day of March, 1871, .......... ......... ......... $200 00.
"On 1st day of June, 1877, ...... ...... ...... ........ .... 41 86."

The referee found as conclusions of law :

"1st. That the defendants are still indebted to the plaintiff in the sum of $700, with interest thereon from February 14th,

1871, at six per cent. per annum till paid, subject to a credit of $200 March 15th, 1871, and a credit of $41.86 June 1st, 1877, the amount due being the sum of $503.00, with interest thereon from March 15th, 1871, subject to a credit of $41.86 as of June 1st, 1877."

The defendants filed a series of exceptions to the report, which with the rulings of the Court upon them are as follows:

"The defendants above named except to the conclusions of law and fact as found by the referee herein, as follows:

"1. For that the referee did not give defendants credit for $30.00 as shown by Exhibit "G," filed herein, paid as thereon stated.

"2. For that the referee did not give defendants credit for $38.00 paid, as stated by the witness, Mrs. Sarah Adkins.

"3. For that the referee excluded the testimony of A. L. Lewellyn, witness of defendants and their son, after proof that the estate of his father was insolvent.

"4. For that the referee failed to give defendants credit for the items mentioned in Exhibit "B," filed herein.

"5. For that the referee refused to exclude the testimony of T. W. Martin.

"6. For that the referee refused to exclude the testimony of P. D. Price, a legatee under the will of plaintiff's testator, and a party in interest.

"7. That the referee, in his third conclusion of fact, finds that only $241.86 have been paid on the bond, whereas the evidence shows that in addition to these payments, there are those which are shown in Exhibit "B," filed herein, and the further sums of $30.00 and $38.00, referred to in exceptions two and three.

"8. That the referee finds that the land has not been paid for in full, whereas the evidence shows, by admissions of the plaintiff's testator, the entire purchase money has been paid.

"9. The defendants except to the referee's conclusion of law, in that he finds that there is a balance of purchase money due; of $503.50, with interest thereon from March 15, 1871, at six per cent., subject to a credit of $41.86 as of June 1st, 1877."

At the hearing the Court entered the following judgment:

"This cause coming on to be heard, upon the exceptions as filed by the defendants, after argument of counsel, it is adjudged by the Court that exceptions 1, 2, 3, 7, 8 and 9 be sustained. Exception 4 is considered in connection with exception 8, and the said exception 4 is partly sustained and partly overruled, and the Court doth find that the whole of the purchase money has been paid and no more. Exceptions 5 and 6 are overruled.

"It is further ordered by the Court, that the plaintiff in this action, execute to the defendant Sallie Lewellyn, a good and sufficient deed in fee simple to the land mentioned in the pleadings, upon the registration of the title bond described in the complaint.

"It is further ordered, that the plaintiff pay the cost of the action, to be taxed by the Clerk."

The defendant Samuel having died before the taking the account, the objections to the report came from his surviving wife, and so much of the case on appeal as is deemed material to their being understood is this:

Upon the hearing of the exceptions before his Honor, (as before the Referee), the defendants assumed the burden of showing from the evidence, that payment had been made in full. But in the course of the plaintiff's argument, in response to that of the defendant first heard, his Honor announced, that inasmuch as the evidence of the plaintiff disclosed that the testator—the vendor, P. Black—had taken from Samuel Lewellyn, pending the contract, bonds for rent, to-wit: in the sum of $78.66, balance for the rent of the land for the years 1871 and 1872, and $50 for the rent for the year 1873, and had, a few days before the testator's death, in February, 1881, issued a summons against Samuel Lewellyn for one hundred dollars, for rent for the year 1880, which said rent bonds were held by the testator as unpaid, except a credit of $30 endorsed thereon May 26, 1875 ; that although the plaintiff had offered evidence of these writings to show non-payment of purchase money, such course of dealing by

the vendor with the vendee, under all the proof in this case, showed that there was a relation of confidence existing between the vendor and vendee, like that between mortgagor and mortgagee, and under the ruling in *McLeod* v. *Bullard* ; and transactions between parties standing in such relations, were looked upon with suspicion, and under such relations, slight proof of payments would raise presumptions of payment, and the Courts would require a *fair accounting* on the part of the vendor, under the circumstances of this case.

The Court sustained the exceptions, and announced that the judgment would be to recommit the report, to be corrected, upon the evidence already taken, without giving either party the right to offer any additional evidence. Thereupon, in order to avoid a recommittal, at the request and by the consent of both parties, the Judge undertook to reform the report according to his ruling sustaining the exceptions, and rendered judgment, although the plaintiff insisted that his Honor should find specifically, what items in Exhibit "B" he allowed as credits, and what items therein he disallowed.

And from the rulings and judgment so rendered, the plaintiff appealed and assigns as errors in said judgment as follows, to-wit:

"1. For that in arriving at such judgment, his Honor held the plaintiff to the burden of the proof of the non-payment of the purchase money, putting the testator in the relation of a fiduciary under a presumption of fraud, though the evidence in the case shows clearly and fully, that the purchaser was continually in possession of the premises from the date of the contract.

"2. For that his Honor sustained exception 2, without adequate proof.

"3. For that his Honor sustained exception 3, and held competent the testimony of A. S. Lewellyn, son of Samuel J. Lewellyn, deceased.

"4. For that his Honor in considering exception 4, in connection with exception 8, sustained exception 4 in part and overruled it in part, thus making a mixed finding of fact and law,

so as to arrive at the conclusion that all of the purchase money had been paid, without making articulate his findings as to which items of "Exhibit B" were true, and which were not, so that his findings would admit of an intelligent review.

"5. For that his Honor sustained exceptions 7, 8 and 9."

*Messrs. Mebane* and *Scott*, for the plaintiff.
*Mr. Jos. B. Batchelor*, for the defendants.

SMITH, C. J. (after stating the facts). The form of the substituted order is intended to be similar to the first, and we think makes a reference *by consent*, under The Code. *Atkinson.* v. *Whitehead*, 77 N. C., 418; *Overby* v. *The R. & L. Asso.*, 81 N. C., 56 ; *Grant* v. *Reese*, 82 N. C., 72, and such it seems to have been deemed and acted on by counsel.

The Court, when revising the report of a referee, who acts under a consent order of reference, upon issues both of fact and law raised by exceptions, exercises to this extent, the jurisdictional functions appertaining to the jury, as well as those appertaining to the Judge. In this dual capacity, he passes upon the competency of evidence that he hears or refuses to hear, as he does upon its effect as proof, direct or inferential, of a disputed fact. His rulings upon the law are reviewable, while his findings of fact are not, in the appellate Court. The Code, §§422 and 423. In like manner, he exercises the two-fold jurisdiction when a trial by jury is waived, and the determination of the entire cause is submitted to him. Const., Art. 4, §13.

We propose to consider, in deciding the appeal, the error assigned in the first exception to the final ruling, which is alleged to have contributed largely in coming to the conclusion that full payment had been made. It is presented to us in the aspect of an instruction to the jury in an ordinary trial, and if it would have involved a reviewable error in such case, so it is when the erroneous rule is seen to have guided his own action in determining a question of fact.

In the expressive words of the late Chief Justice, " He, as Judge, is to admit or reject evidence, and is to charge himself upon the questions of law applicable to the case ; and is then, as jury, to find the facts and *render a special verdict.* The same is the mode of procedure before a referee." *Perry* v. *Tupper*, 74 N. C., 722.

In exercising a revisory power over a referee upon exceptions, which limit its range, the same general principle governs the Judge in passing upon the facts and law of each, and while reviewing the report, he may " set aside, modify, or confirm the same, in whole or in part," an appellate jurisdiction attaches to his rulings in matters of law only.

Confidential relations, in our opinion, are not formed between parties to an agreement for the sale and purchase of land, simply because the payment is deferred and the title retained as a security for the purchase money. Nor are any business transactions occurring between them afterwards, shown, out of which such confidential relations can arise. The burden of showing the discharge of the obligation to pay, in this, as in other cases, rests upon him who is to make the payment, and it is not removed or diminished by any facts proved. " Slight proofs of payments," do not " raise presumption of payment," but the evidence must be sufficient and satisfactory to establish the fact that payment has been made, without the aid of the artificial presumption to which the Court resorts to aid and help out defective proof.

The rule growing out of confidential relations, when they exist—*McLeod* v. *Bullard*, 84 N. C., 515, on the re-hearing—applies to any advantage or interest acquired by the superior, over the inferior or dependant party, from the act of the latter, and assumes that it has been obtained by undue influence, which must be met by evidence that the transaction was fair, and the concession voluntary. How is the rule invoked here, in aid of the defendant? What act has been done, which the plaintiff seeks to take benefit under, and which is deemed to be involuntary and unfair in favor of the defendant? There is none to which

the presumption is appropriate, if such relations as supposed, did subsist between the parties. It is called into requisition here, not to put out of the way some obstacle arising out of the defendant's act, not to defeat some right or claim acquired from him, but to dispense with needed proof, which the plaintiff is unable to furnish, of an affirmative fact. There is no presumption to be repelled, but absent proof to be supplied.

The ruling in *McLeod* v. *Bullard, supra,* at either hearing, is not a precedent for the present ruling. In that case, with the relation of mortgagor and mortagee, there were others clustering around it, which without stopping to enumerate, will be found in the last report in the opinion, showing the fiduciary relations, and warranting the production of some evidence, beyond that of the deed exhibited, that there was no fraud practiced in procuring its execution.

It is true, there are some things in common in the relation of mortgagee and mortagor, and vendor and vendee of real estate. There is an indebtedness from the one to the other, and the estate is held by the latter, as a security for its payment. But there are also essential differences. The equity of redemption in the mortgage, may be sold under execution. The reserved estate of the vendor, while any of the purchase money remains due, prevents the sale of the equitable estate of the vendee under such process. But without enumerating other differences, it is difficult to see, how the mere fact that one owes for purchased land, and is to have a deed for it when it is paid for, can produce such a condition of dependence, as will authorize a presumption that payment has been made, in the absence of the proof required in other cases of creditor and debtor.

As there is error in giving more force and effect to evidence than it intrinsically possessed, by introducing the artificial rule of presumption in its support, a new trial must be awarded, and in order thereto, let this be certified, that the Court may again hear and pass upon the exceptions to the report.

Error.                                                   Reversed.