BANK OF TARBORO v. FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, and JAMES G. MEHEGAN.

(Decided April 3, 1900.)

*Indemnity Bond—Pleas in Bar—Premature Order of Com-
pulsory Reference—Defect in Complaint Cured by
Answer—Breach of Contract by Plaintiff Matter of De-
fense—Practice.*

1. In an action upon a penal bond for alleged breaches, when the
   answers raised pleas in bar, which if established would end the
   action, a compulsory order of reference can not be properly
   ordered, until such pleas are decided.

2. Where the contract of suretyship is not fully set out in the com-
   plaint, it is cured by the pleading which sets out the contract in
   full as part of the answer.

3. Where breaches of the contract by plaintiff are relied upon by
   defendants, they must be specified and proved.

4. Surety companies are analogous to insurance companies, where the
   application, made a part of the contract, contains only stipula-
   tions which bind the assured; it is in the possession of the defend-
   ant, and if there is a breach of its terms it is for the defendant
   to set out the obligation, and aver and prove the breaches upon
   which it relies.

CIVIL ACTION to recover damages for alleged breaches of
the indemnity bond furnished by defendant company, as
surety for faithful performance of duty by defendant James
G. Mehegan, cashier of plaintiff, heard before *Bowman, J.,*
at Fall Term, 1899, of EDGECOMBE Superior Court.

The answers contained pleas in bar, denied the breaches
complained of, and alleged non-performance on the part of
the plaintiff of stipulations forming the basis of the contract.

His Honor entered the following compulsory order of refer-
ence:

In this cause, it appearing to the Court from an inspection of the pleadings and the record in the cause, that the trial of the pleas in bar raised by the pleadings and other issues of fact herein will involve the examination and taking of a long account, it is ordered that the trial of issues of fact and of law be referred to C. F. Warren, referee, pursuant to the provisions of sub-sec. (1) of sec. 421, of The Code.

The defendant resisted the motion, contending that the cause was not referable, excepted to the order, and appealed therefrom.

*Messrs. J. L. Bridgers,* and *Gilliam & Gilliam,* for appellant.

*Mr. G. M. T. Fountain,* for appellee.

DOUGLAS, J.  This is an action brought upon a penal bond given by the defendant, the Fidelity and Deposit Company, to secure the plaintiff against all loss from any fraudulent acts of its co-defendant, Mehegan, as cashier of said plaintiff bank.  This bond, which seems to have been modeled after some form of insurance policy, is extremely complicated, and is based upon an application containing a large number of questions and sub-questions.  There appear to be 23 sections in the bond and 31 questions in the application.  All the answers are made "conditions precedent."  The complaint alleged the execution of the bond and its renewal, and set out the several alleged fraudulent acts of the defendant Mehegan, upon which it relied.  It further alleged, "18. That immediately upon ascertaining the several fraudulent acts of the said James G. Mehegan, cashier as aforesaid, the plaintiff bank notified the defendant company thereof, and permitted the agent of said defendant to examine the books of said bank, and furnished said defendant with proof

21——126

of said loss more than three months before the bringing of this action." After demurrer overruled, the defendant company answered in part as follows:

"5. That in answer to allegation 5 of the complaint, the defendant admits that there was a bond of indemnity executed by the defendant and said Mehegan, the defendant executing the same as the surety of the said Mehegan, upon the date mentioned, and for the amount named, but the defendant denies that the terms and conditions of said bond are properly, correctly and truly alleged. That a copy of the contract of suretyship entered into by the defendant with the plaintiff, and a copy of the notice of the expiration, statement by bank and renewal receipt, are hereto attached and asked to be taken as a part of this answer.

"6. That allegation 6 of the complaint is admitted. But the defendant further answering same, says and alleges, that said contract and agreement was entered into and based upon the following statement and representations, to-wit: those set out in the attached papers set out in the preceding paragraph hereof, which said statement, at the time it was made, to-wit, December 15, 1896, was incorrect and untrue, and by reason of the incorrect and untrue statements contained therein, the defendant was induced to execute and deliver to the plaintiff the said renewal receipt, and the defendant submits that it is not liable on account thereof."

The further defense of defendant company alleges:

"2. That by the terms, conditions and covenant of said contracts of suretyship, the plaintiff assumed, obligated and contracted to do and perform certain obligations therein named, the carrying out and performance of which by the said plaintiff was necessary to make said contract valid and binding upon the defendant; and to entitle the plaintiff to bring and maintain this action. That the said plaintiff has

neglected and failed to perform and carry out its obligations as aforesaid, and therefore is not entitled to recover in this action.

"3. That the plaintiff has failed to set out and allege that it has in all respects complied with and performed its part of the contract made with the defendant, as it was its duty to have so done, and the defendant submits that the plaintiff is not entitled to maintain and prosecute this action.

"4. That the said plaintiff has failed and neglected to carry out and perform its part of said contract, thereby causing and doing a wrong in the premises, and thereby discharging the defendant from liability on account of said contract."

The Court below made the following order:

"In this cause it appearing to the Court from an inspection of the pleadings and the record in the cause that the trial of the pleas in bar raised by the pleadings and other issues of fact herein will involve the examination and taking of a long account, it is ordered that the trial of issues of fact and of law be referred to C. F. Warren, referee, pursuant to the provisions of sub-sec. 1, of sec. 421, of The Code. The defendant resisted the motion, contending that the cause was not referable."

In this we think there was error. The answers of the defendants, which were substantially to the same effect, raised pleas in bar which if found in their favor would put an end to the action and render a reference entirely unnecessary. Until such pleas are decided, a compulsory reference can not properly be ordered. If the plaintiff has no right to recover at all, it makes no difference what amount he might be entitled to recover if he had a cause of action. *Railroad v. Morrison,* 82 N. C., 141, 143; *Cox v. Cox,* 84 N. C., 141; *Neal v. Becknell,* 85 N. C., 299; *Commissioners v. Raleigh,* 88 N. C., 120; *Smith v. Goldsboro,* 121 N. C., 350, and cases therein cited.

BANK *v.* FIDELITY CO.

In the argument before us, the counsel for defendant company insisted that the complaint did not state facts sufficient to constitute a cause of action inasmuch as it did not set out in full the contract of suretyship, and did not specifically allege that the plaintiff had performed each and all of the conditions and stipulations on which the contract was based. However the plaintiff may have been in fault in not setting out in full the contract of suretyship, it is cured by the pleading of the defendants who have themselves made it a part of their answers. We think, therefore, that the complaint does state a sufficient cause of action. The object of the contract was to secure the plaintiff against the fraudulent acts of its cashier. The complaint alleges the execution of the bond and its renewal, and sets out their substantial features, the alleged fraudulent acts of the cashier, and notice to the defendant company. These facts being proved would have made out the plaintiff's case. Nothing else appearing, the plaintiff would have been entitled to recover, and if the defendant company relied upon breaches of the contract on the part of the plaintiff to defeat a recovery, it should have specifically pleaded them. The burden of proving them would have rested upon the defendant. To require the plaintiff to set out each and all of the fifty conditions and stipulations in the bond and application, and then to prove affirmatively that he had performed each one of them, would practically defeat any recovery, and would amount to a denial of justice. Many of them are mere statements of fact, while some of them are agreements between the co-obligors, and do not concern the plaintiff. One of these conditions is as follows: "And lastly, should the employee become a defaulter and seek refuge in any foreign country, he hereby agrees to the enforcement against him of the laws of such country as they are now or may be hereafter enacted relative to the com-

mission of injuries or offenses against an employer resident in such country." How an agreement between private parties can affect the criminal laws of a foreign country we fail to comprehend, and we are glad the question is not before us. We allude to it only to show the complicated nature of the conditions injected into bonds of indemnity which often tend to defeat the primary object of the contract. The old bond of indemnity was a simple instrument which could be easily comprehended and promptly enforced. If these new forms of contract are to take its place we hope they will preserve some of its simplicity and efficiency. This is a matter of great importance, as surety companies are now allowed to make the bonds of trustees, guardians, administrators, and all other fiduciaries; and we would much regret to see the rights of orphan children, as well as other helpless benefi-. ciaries, depend not upon the substantial merits of their case, but upon a multitude of technicalities in an instrument to which they were not parties.

In the case at bar the defendant company has failed to specify in its answer the breaches of contract by the plaintiff upon which it relies, except in one instance, and that not very distinctly, but we think sufficiently so, to admit of proof. It appears to us that sec. 6, of the answer, means to allege that the defendant company was induced to renew the bond upon the written statement of the plaintiff bank that the books and accounts of the defendant Mehegan had been examined and found correct in every respect, and that all moneys handled by him had been accounted for; and to further allege that this statement was false. These allegations amounted to a plea in bar which the defendant had a right to have passed upon before a reference could be made.

These surety companies are in the nature of insurance companies, and in fact, many of them do an insurance busi-

ness of one kind or another. The application before us suggests, *mutatis mutandis,* that of an insurance policy. It may therefore be well to see what this Court has said with regard to such applications. In *Bobbitt v. Insurance Co.,* 66 N. C., 70, it was said in what appears to have been really a dictum, that the application must be set out in the complaint, and, being in the nature of a condition precedent, must be proved by the plaintiff. This rule was distinctly overruled in *Britt v. Insurance Co.,* 105 N. C., 175, where the Court says: "The application is by the agreement made a part of the contract, but it contains only stipulations which bind the assured. It is in possession of the defendant, and if there is a breach of any of its terms which will release the defendant company from its obligation, it is for the defendant to set out such obligation, and aver the breach or breaches thereof on which it relies." In that case the point is fully and ably discussed with numerous citations. While the further point is not professedly decided, upon whom rests the burden of proof, we think it is inferentially settled by the universal rule that whoever is required to allege a fact is also required to prove it. The plea of the statute of limitations is an exception to the rule more apparent than real because it is negative in its character. There, the plaintiff is required to prove that the transaction alleged by him occurred within the time limited by statute, as otherwise he would have no legal remedy.

The order of reference must be set aside, and the case first heard upon the plea in bar.

Error.