## HOLT v. JOHNSON.

(Filed March 26, 1901.

REFERENCES — *Referee — Report — Review by Superior Court Judge.*

> In passing upon the report of a referee, the Judge of the Superior Court *must* review the findings of the referee.

ACTION by T. B. Holt, as executor of N. G. Burns,.against Barney Johnson and F. M. Johnson, heard by Judge *W. S. O'B. Robinson,* at October Term, 1900, of WAKE County Superior Court. From a judgment for plaintiff, the defendant appealed.

*H. E. Norris,* for the plaintiff.
*W. J. Peeie,* for the defendants.

COOK, J. The trial of this action was by a referee under a *consent* order. Upon the hearing, the testimony of several witnesses offered by defendants was excluded upon objection by plaintiff, to which defendants excepted. The report of the referee was duly made to the Superior Court. Upon the hearing and argument of counsel his Honor "refused to consider the evidence offered by defendants; it being all the evidence contained in the report of the referee," and overruled all of the exceptions and confirmed the report in all respects, to which defendants excepted.

The first question, then, presented for the consideration of this Court is that raised by the exception taken by defendant to the "judgment and ruling of his Honor upon the evidence of defendants contained therein," which ruling is as follows: "After hearing argument of counsel upon said exceptions, and the Court refusing to consider the evidence offered by

defendants, it being all the evidence contained in the report of the referee, the same are overruled and the report of S. F. Mordecai, referee herein, is hereby in all respects confirmed, except wherein it allowed the excluded evidence."

We deem it unnecessary to review the mode of trial by referees further than to refer to *Green v. Castlebury,* 70 N. C., 24; *Vaughan v. Lewellen,* 94 N. C., 472; *Battle v. Mayo,* 120 N. C., 413, and cases there cited. The rule is clearly stated that the Judge of the Superior Court will *review* the *findings* of the referee, and his findings upon the facts will be conclusive. At the hearing of this case the Judge failed to review the findings of fact. He positively *refus*ed to consider the evidence—the basis of the finding.

In concluding his report the referee says: "The burden being upon the defendant to prove the alleged agreement to reduce the rate of interest from that fixed by the bond and mortgage, the evidence on his behalf fails to satisfy me as to the affirmative of that issue. Sitting as a juror I can not say I *believe* such to be the fact, and consequently I can not *find* such to be the fact. While there is *some evidence*—to my mind there is no *satisfactory* evidence to overcome the solemn agreement of the parties."

Now, then, this finding being in the nature of a special verdict, it was the duty of the Judge to have acquainted himself fully with the *evidence* upon which it was found. The testimony of all the witnesses is required by statute to be reduced to writing by the referee and signed by them and filed as a part of the record (which was done in this case) for no other purpose than to be considered by the Judge in passing upon the findings of the referee.

It may or may not have been that the Judge would have set aside the finding of fact, as being against the weight of evidence (as he might have done in case of a verdict by jury),

had he considered the evidence. While in reviewing the report made under a *consent* order the Court has no power to change or modify the facts as found, yet it is his *duty* to *consider* the evidence upon which they were found, to the end that he may act intelligently in confirming, modifying or setting it aside. As there was error in his Honor's *refusal* to consider the evidence at all, we do not now pass upon the other exceptions of defendant. So this action is remanded to the Court below to the end that it be fully reviewed and passed upon.

Error.