JUNIUS D. GRIMES v. COUNTY OF BEAUFORT AND L. A. SQUIRES, SINKING FUND COMMISSIONER.

(Filed 18 September, 1940.)

**1. Reference § 2—Action held to involve long account within meaning of compulsory reference statute.**

This action was instituted to recover for services rendered defendant. county by plaintiff as an attorney, plaintiff alleging as a basis of recovery, services rendered in a certain civil action and services rendered relating to twenty-one different transactions extending over a period of more than a year, subsequent to the termination of the civil action. *Held:* It cannot be said as a matter of law that the cause of action does not require the consideration of a long account, and defendants' exception to the order of compulsory reference on this ground cannot be sustained. C. S., 573.

**2. Reference § 3—Plea in bar held not to extend to entire cause and not to preclude compulsory reference.**

Plaintiff instituted this action to recover for services rendered defendant county by plaintiff as an attorney, plaintiff alleging as a basis of recovery services rendered in a certain civil action and services rendered relating to twenty-one different transactions extending over a period of more than a year, subsequent to the termination of the civil action. Defendants alleged that final judgment in the civil action was entered more than two years prior to the institution of the present suit, that plaintiff's cause of action for services rendered therein accrued at the time of the rendition of the judgment, and that plaintiff's cause of action for services rendered therein is barred by the statute of limitations, C. S., 442. *Held:* The plea of the statute of limitations relates solely to the claim for services rendered in the civil action, and is not a plea in bar which would defeat plaintiff's claim in its entirety.

**3. Same—**

A plea in bar such as will preclude a compulsory reference is one which extends to the whole cause of action so as to defeat it absolutely and entirely, and which if found in favor of the pleader will put an end to the case, leaving nothing further to be determined.

APPEAL by defendants from *Thompson, J.,* at January Term, 1940, of BEAUFORT. Affirmed.

Civil action to recover compensation for services rendered as an attorney.

Plaintiff was retained by defendants to prosecute an action to its termination against the sinking fund commissioner of Beaufort County and his sureties for an accounting and to recover sinking fund assets. The plaintiff alleges that after the termination of the action against the sinking fund commissioner he rendered services to the defendants in the collection of mortgages by foreclosures and by negotiations for settlement and the like for which he is due compensation.

The defendants answering admit that plaintiff was employed to prosecute said action and assert that such litigation was terminated by final judgment in 1936 and no claim was filed for compensation until more than two years thereafter. They pleaded the two-year statute of limitations. C. S., 442. The defendants further allege that services rendered by plaintiff after the termination of the civil action were rendered as county attorney under a contract of employment on a salary basis; that the salary has been paid; and the plaintiff has been fully compensated for said services.

On motion of the plaintiff and over the objection of the defendants the cause was referred and the defendants excepted and appealed.

*Rodman & Rodman and Carter & Carter for plaintiff, appellee.*
*E. A. Daniel for defendants, appellants.*

BARNHILL, J. The plaintiff in his complaint lists twenty-one different transactions in which he rendered services to the county, exclusive of his appearance as counsel in the action against the sinking fund commissioner and his sureties and in addition to certain collections made on the judgment rendered in the civil action. These various items extend over a period from December, 1936, to January, 1938.

It may not be said as a matter of law that the plaintiff's cause of action does not require the consideration of a long account. C. S., 573. Therefore, defendants' exception to the order of reference on this ground cannot be sustained.

But the defendants contend that they have interposed a plea in bar and that an order of reference prior to the adjudication of this plea was erroneous.

The plea in bar is to the claim for compensation for services rendered in the civil action, the defendants alleging that such suit "was terminated by a final judgment in that cause at the December Term, 1936, Beaufort County Superior Court, and said case went off the docket and all attorney services were complete, at which time plaintiff's cause of action against these defendants, if any, accrued, but that plaintiff failed to present any claim for services at that time or at any other time until May 1, 1939, and that more than two years have elapsed since the plaintiff's cause of action accrued, and the defendants plead this lapse of time in bar of plaintiff's recovery." The plea is not directed to the claim of plaintiff for compensation for services rendered subsequent to the final termination of the action. Thus it appears that the plea in bar does not extend to the whole cause of action and, if sustained, would not defeat plaintiff's claim in its entirety.

It is well settled in this jurisdiction that a plea in bar will repel a motion for a compulsory reference, and no order of reference should be entered until the issue of fact raised by the plea is first determined, only when such plea extends to the whole cause of action so as to defeat it absolutely and entirely. To defeat a reference the plea must be such that if found in favor of the pleader it will operate to bar the entire cause of action and put an end to the case, leaving nothing further to be determined. It must be a plea that denies the plaintiff's right to maintain the action, and which, if established, will destroy the action. *Oldham v. Rieger*, 145 N. C., 254, and cases there cited; *Alley v. Rogers*, 170 N. C., 538, 87 S. E., 326; *Reynolds v. Morton*, 205 N. C., 491, 171 S. E., 781, and cases there cited; *Brown v. Clement Co.*, 217 N. C., 47; McIntosh, P. & P., sec. 523.

The judgment below is

Affirmed.