J. KIRK SHUTE v. MANUEL FISHER AND WIFE, SHIRLEY D. FISHER.

(Filed 3 May, 1967.)

**1. Reference § 3—**

Findings by the court after trial begun that the case required an examination of the books and records of the maker of the note sued on, with numerous calculations of interest, detailed examination of numerous exhibits, determination of the fair value of the stock of the maker of the note, and that from the volume of evidence the ends of justice would be best served by compulsory reference, *are held* · sufficient to sustain the court's order of compulsory reference, G.S. 1-189, it not being required that the court use the exact words of the statute in characterizing a case for compulsory reference.

**2. Same—**

The rule that a party waives the right to a compulsory reference by failing to make a motion therefor before the jury has been empaneled has no application to a compulsory reference ordered by the court *ex mero motu*, and where after trial has begun and after evidence has been introduced and numerous exhibits entered, the court finds facts supporting a compulsory reference and concludes that a compulsory reference would best serve the ends of justice, the discretionary order of the court for a compulsory reference will not be disturbed.

**3. Reference § 5—**

Where the parties fail to agree upon a referee, the court may appoint a referee, and such appointment will not be disturbed when only one of the parties objects thereto. G.S. 1-190.

**4. Reference § 4—**

A plea in bar which precludes a compulsory reference is one which extends to the whole cause of action so as to defeat it absolutely and entirely, and a plea amounting to a mere defense avoiding liability is not such plea in bar.

**5. Same—**

In this action against the endorsers and guarantors of a note, defendants claim that the payee bank and not the plaintiff was the real party in interest, that defendants' endorsement was obtained by fraud, and that defendants were entitled to offset usury charged by plaintiff in the transaction. *Held:* The pleas were not sufficient to preclude the discretionary power of the court to order a compulsory reference.

**6. Trial § 5—**

In the absence of controlling statutory provision or recognized rule of procedure, the conduct of a trial rests in the sound judicial discretion of the trial court.

LAKE, J., dissenting.

ON *Certiorari* allowed on petition by defendants to review the order of *Brock, S.J.,* August 1966 Special Civil Session of UNION County Superior Court.

The plaintiff brought suit against the defendants with the allegations summarized below.

During the month of December 1962, the plaintiff loaned National Business Music Company (NBM) $125,000. The defendant, Manuel Fisher, was a director and principal stockholder of this company (NBM). Mrs. Shirley D. Fisher is his wife. That the loan was made upon the express agreement that the defendants would endorse the note and guarantee its payment. Half the debt was to be paid by 18 February 1963, and the remainder was to be paid in monthly installments of $7,000 each. Some $95,000 of the proceeds of the loan was paid out to the defendants to reimburse them for

loans they had previously made to NBM. On 28 January 1963 there was a balance due on the principal of said note of $62,500, and in addition, earned interest of $1,500, plus estimated interest discounted of $8,000, making a total of $72,000; that a new note in this amount payable $2,000 per month was executed by NBM and endorsed by Mr. and Mrs. Fisher and was, for the convenience of the parties, made payable to the American Bank and Trust Company of Monroe, it being agreed that the Bank would act as the collection agent and receive therefor a collection fee of one-half of one per cent to be paid by the plaintiff. A total of $12,000 was paid on the new note. The plaintiff alleged that NBM is now insolvent and has been adjudicated bankrupt, that demand has been made upon the defendants for the balance due of $60,000; and upon failure to meet the demand, this action was brought to recover that amount of the defendants upon their endorsement and guarantee.

The defendants admitted the original loan of $125,000 to NBM, but denied they endorsed the note. They said that NBM paid $62,-500 on it, and later made payments totaling $12,000 on the new note. As a further defense, defendants allege that the note is made to American Bank and Trust Company with no reference to the plaintiff nor to the Bank's position as a collecting agent, and, therefore, that the plaintiffs are not the proper parties in interest and are not entitled to recover on the said note. Further, that when the defendants endorsed the $72,000 note and guaranteed its payments, that the agent of the plaintiff had represented that the Bank had agreed to reduce the monthly payments to $2,000 but had required that the defendants guarantee payment of the note; that if they would do so, the Bank would pay the plaintiff the then balance due on the original note of $125,000, and that the corporation would thereafter be indebted solely to the Bank, not to the plaintiff. That the defendants had not endorsed the original note of $125,000 and that the representations of the plaintiff's agent were false and fraudulent and made for the purpose of obtaining the defendants' endorsement and guarantee on the new note.

Another defense was set up in which the defendants allege that NBM had paid a total of some $27,150 as interest and bonuses on the original $125,000 loan, which were usurious; that the defendants were entitled to offset against any liability which they might have on the current note a claim for usury and the penalties thereon.

When the case was called for trial, Judge Brock conferred with the attorneys for approximately half a day in an attempt to get certain stipulations, after which a jury was selected and the trial

begun. After two days of trial, the court signed an order which in part is as follows:

### "ORDER OF REFERENCE

"THIS CASE CAME on for trial as the first case for trial during the second week of the August 1, 1966 Session of the Superior Court of Union County, and after several hours of conference between the Court and Counsel with respect to the possibility of disposing of numerous factual situations by stipulations, which conferences were not fruitful; and during the third day of trial, after the Plaintiff, having offered all of his evidence in chief and Defendants, having offered a portion of their defensive evidence and a portion of their evidence in chief upon their counterclaim, it became clear to the Court that in order to make intelligent findings of fact and conclusions of law, that an examination of the books and records of the National Business Music Company would be necessary; that it would be necessary to make numerous calculations of interest; that it would be necessary to make detailed examination of numerous exhibits; and that it would be necessary to determine the fair value of stock of the National Business Music Company, which stock had no open market, and it thereupon, appeared to the Court from the volume of evidence and exhibits, that the ends of justice would be best served if this case in its entirety was referred to a referee for the purpose of having the referee make detailed findings of fact and conclusions of law upon all issues of fact and questions of law, and make his report back to the Superior Court of Union County after a full and adequate hearing.

"Now, THEREFORE, the Court, upon its own motion and in exercise of its discretion, withdraws a juror, orders a mistrial, and orders that all of the issues both of fact and of law in the above entitled action be and they are hereby referred to Francis O. Clarkson, Jr., of the Mecklenburg County Bar, who will hear the evidence of the plaintiff and the evidence of the defendants and report his findings of fact and conclusions of law to this Court in the manner provided by law not later than the 7th day of November, 1966.

"The Plaintiff excepts to the Reference.

"The Defendants except to the Reference.

GROUPING OF EXCEPTIONS AND ASSIGNMENTS OF ERROR .

"To the Order of the Trial Court that all of the issues both

of fact and of law in the above captioned action be referred
to Francis O. Clarkson, Jr., of the Mecklenburg County Bar.
(Defendants' Exception #1. R. pp. 85 & 86)"

The defendants filed a petition for Writ of *Certiorari* which was
allowed by order of the court in conference, 20 October 1966, and
was thereafter heard on 11 April 1967.

*Haynes, Graham, Bernstein & Baucom, by Mark R. Bernstein,
Attorneys for defendant appellants.*
*Carswell & Justice and Richardson & Dawkins, by Koy E.
Dawkins, Attorneys for plaintiff appellee.*

PLESS, J.   G.S. 1-189 provides in part:

"Where the parties do not consent, the court may, upon
the application of either, or of its own motion, direct a refer-
ence in the following cases:
"1.   Where the trial of an issue of fact requires the exam-
ination of a long account on either side; in which case the
referee may be directed to hear and decide the whole issue, or
to report upon any specific question of fact involved therein."

While the order of reference is not in the exact language of the
statute, an examination of it shows that the facts to be determined
by the Referee require the examination of a long account involving
the books and records of the National Business Music Company;
numerous calculations of interest; an examination of numerous ex-
hibits, and the determination of the fair value of the stock of Na-
tional Business Music Company. To hear evidence relating to these
subjects would, in our opinion, be the equivalent of "the examination
of a long account" which would justify the order of reference. It has
been held that in ordering a reference, the exact words of the stat-
ute are not required. *Vaughan v. Lewellyn,* 94 N.C. 472; *Morisey v.
Swinson,* 104 N.C. 555, 10 S.E. 754.

Our decisions hold that the right of a party to move for com-
pulsory reference is waived unless made before the jury has been
empaneled. *Peyton v. Shoe Co.,* 167 N.C. 280, 83 S.E. 487. This
reference, however, was ordered by the court of its own motion —
not upon the motion of one of the parties.

The statute distinctly provides that the court on its own motion
may direct a reference in proper cases. We are quite sure that if,
at the end of three days spent on this case and requiring 122 pages
of transcript, Judge Brock could see any likelihood of completing

the jury trial within a reasonable time or that it could be properly tried by a jury, he would not have ordered it referred. This he did, in his discretion, and we find nothing in the record that indicates that his order was improper or constitutes an abuse of discretion.

Both parties excepted to the order of reference, but in his brief the plaintiff says that "a reference is proper in this cause." It is not unusual for both parties to informally suggest an order of reference and yet ask to be allowed to make formal objections to the order so that the right to a jury trial may be preserved. We assume that was the reason for the plaintiff's exception.

The defendants further except to the alleged failure of the court to observe the provisions of G.S. 1-190 in the appointment of a referee. That statute provides that the parties *may* agree in writing upon a person to act as referee and that that person must thereupon be named by the court in that capacity. Here there was no such agreement, and the court thereupon nominated and appointed Mr. Francis O. Clarkson, Jr., of the Mecklenburg County Bar, as referee. Only one of the parties objected to this appointment, so that it also is authorized by statute (G.S. 1-190).

Our Court has consistently held that when the answer raises a plea in bar which, if established, would end the action, a compulsory order of reference cannot be properly ordered until such plea is decided. *Bank v. Fidelity Co.*, 126 N.C. 320, 35 S.E. 588; *Solon Lodge v. Ionic Lodge*, 245 N.C. 281, 95 S.E. 2d 921.

The defendants claim that this principle of law was not observed in this case in that they have set up three defenses which they denominate as "pleas in bar." Summarized, they are: (1) that the American Bank and Trust Company, and not the plaintiff, is the real party in interest; (2) that defendants' endorsement of the note sued upon was obtained by fraud; and (3) that they are entitled to offset against any sums due on the note the alleged usury charged by the plaintiff in the transaction. There are many defenses which, if established, would defeat the plaintiff's cause of action, and thus produce the same result as a plea in bar. The latter has been defined as one which extends to the whole cause of action so as to defeat it absolutely and entirely, and which if found in favor of the pleader will put an end to the case, leaving nothing further to be determined. *Grimes v. Beaufort County*, 218 N.C. 164, 10 S.E. 2d 640.

An absolute denial of indebtedness, lack of authority on the part of an agent, non-participation in a controverted incident, all if established would defeat a cause of action and put an end to the case, but these are not considered pleas in bar. They are defenses

presented to avoid liability. We are of the opinion, and so hold, that the so-called pleas in bar do not require their determination before a reference could be ordered, but on the contrary, they are legitimate and proper questions to be answered by the referee upon the evidence presented.

It is impractical and would be almost impossible to have legislation or rules governing all questions that may arise on the trial of a case. Unexpected developments, especially in the field of procedure, frequently occur. When there is no statutory provision or well recognized rule applicable, the presiding judge is empowered to exercise his discretion in the interest of efficiency, practicality and justice. The able judge has done that in this case, and his order of compulsory reference and the appointment of a referee is hereby
Affirmed.

LAKE, J., dissenting: I dissent from that portion of the majority opinion which holds the defendants' plea of fraud and its plea that the plaintiff is not the real party in interest are not pleas in bar. These should be heard and determined before the remainder of the controversy is referred. If the defendants prevail on either of these contentions, that will end the lawsuit and there will be no occasion for a long and expensive reference.