STATE OF NORTH CAROLINA v. SHERMAN WILLIAMS

(No. 7612SC928)

(Filed 1 June 1977)

**1. Criminal Law § 91— mistrial — second trial after prescribed time limits — no dismissal of charges**

    Where a criminal is tried within the period prescribed by the Interstate Agreement on Detainers and such trial results in a mistrial, he is not subsequently entitled to have the charges dismissed even though the second trial occurs after the prescribed time limits, so long as the State uses due diligence in prosecuting the case.

**2. Criminal Law § 91.7— continuance — absence of witness — denial proper**

    The trial court did not err in denying defendant's motion for continuance made on the ground that one of his witnesses was unavailable to testify, since the testimony which that witness would have offered was similar to testimony of witnesses who were present at trial.

**3. Criminal Law § 66— confrontation between witness and defendant before jury — motion denied — no error**

    The trial court in an armed robbery prosecution did not err in denying defendant's motion that the jury be allowed to see defendant and an eyewitness to the crime in close proximity to each other where defendant contended that the witness's description to the police was inadequate since it included nothing about defendant's unusually deformed nose, but there was no evidence that the witness had any difficulty in identifying defendant as the robber.

APPEAL by defendant from *Herring, Judge.* Judgment entered 16 June 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 April 1977.

Defendant was charged by indictment in proper form with three counts of armed robbery and entered a plea of not guilty to each count. He was convicted by a jury on all charges and sentenced to imprisonment for concurrent terms of 25 to 30 years on each count.

The State introduced evidence which tended to show as follows: On 23 May 1975, Tonya Sprague worked at Heritage Jewelers in Fayetteville with Wayne Sessoms, the manager of the store. At approximately 7:30 p.m., customers Roger Benecke and Becky Boatwright entered the store. Defendant entered the store at approximately 7:55 p.m. and asked to see some watches. As Sprague showed watches to defendant, Gerald Carter came into the store and went to where Sessoms was

assisting Benecke and Boatwright. Carter pulled out a pistol, announced that this was a robbery, and ordered everyone into the stockroom at the rear of the store.

Carter then directed Sprague, Sessoms, Benecke and Boatwright to lie down on the floor of the stockroom and held the gun on them while defendant took money from the store's cash register and loose mountings out of the diamond case. Defendant subsequently ordered Sprague to get him watches and rings from the front showcase. She did so, putting the items in a paper bag which defendant held. Meanwhile, Carter went to the rear of the store and took money from Sessom's wallet, ransacked Boatwright's purse and took Benecke's wallet. Defendant again ordered Sprague to lie on the stockroom floor. On Carter's order, Sessoms tied up Benecke and Boatwright. Carter told the victims not to call the police for five minutes, whereupon he and defendant left the store.

Defendant was brought into North Carolina from Virginia on 29 December 1975 pursuant to a detainer, and trial was set for 1 March 1976. Defendant moved for and received a continuance. The trial of this case did not commence until 13 April 1976 and resulted in a mistrial. Defendant subsequently submitted an application for a writ of habeas corpus, contending that he had not been tried within 120 days as required by the Interstate Agreement on Detainers. On 26 May, Bailey, Judge, entered an order which stated, *inter alia:*

"1. That the above-named defendant is presently confined in the county jail of Cumberland County, State of North Carolina, upon four separate bills of indictment as above numbered charging him with four separate armed robberies;

2. That the application for a writ of habeas corpus states that the defendant is imprisoned by reason of a detainer from the Commonwealth of Virginia filed according to the terms of the Interstate Agreement on Detainers;

3. That the Interstate Agreement on Detainers, in summary, requires that when a defendant is held in this state upon a detainer from another state for the purpose of trial,

that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state;

4. That the authorities of the Commonwealth of Virginia delivered the defendant into the custody of the authorities of the State of North Carolina on December 29, 1975;

5. That the defendant was arraigned in Cumberland County Superior Court on February 2, 1976, on the aforesaid bills of indictment and entered a plea of not guilty, at which time motions were heard and ruled upon;

6. That subsequently the case was set for trial on March 1, 1976, at which time the defendant, Sherman Williams, through his attorney, James M. Cooper, made a motion for a continuance, which continuance was granted by the Court;

7. That subsequently the defendant was tried on April 13, 1976, at which time after presentation of the evidence both by the State and the defendant and after being instructed by the Court, the jury returned into open court and stated that they were hopelessly deadlocked; at which time the Honorable Judge Presiding L. Bradford Tillery withdrew a juror and declared a mistrial;

8. That both the March 1, 1976, and the April 13, 1976, setting of this trial were within the 120 days as required by statute;

9. That James M. Cooper, Attorney for the defendant, upon the ordering of the mistrial by the aforementioned judge presiding requested from the assistant district attorney, Wade E. Byrd, that he be given at least two weeks notice prior to any further calendaring of the case so that he could determine the availability of certain out-of-state witnesses;

10. That the aforementioned attorney for the defendant further requested and received an order from the Court that he be provided with the transcript of the April 13 trial;

11. That said transcript at the present date has not yet been prepared by the court reporter;

12. That the Court finds as a fact that the mistrial ordered on April 15, 1976, by the Honorable L. Bradford Tillery,

---

State v. Williams

---

Judge Presiding, was due to a deadlocked jury and was not in any way the fault of the State of North Carolina.

Now, THEREFORE, IT IS ORDERED AND ADJUDGED THAT in the interest of justice and based upon the above findings, the application for a writ of habeas corpus be dismissed and the State for good cause shown be granted 90 days from this date to try this case."

Defendant's second trial on the charge took place on. 14 June 1976 and resulted in his conviction.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Tom H. Davis, Jr., for the State.*

*James M. Cooper for defendant appellant.*

MORRIS, Judge.

In his first assignment of error, defendant contends that Judge Bailey erred in dismissing his application for a writ of habeas corpus. We disagree.

The Interstate Agreement on Detainers has been adopted by North Carolina and codified as G.S. 15A-761. Article IV(c) of the Agreement provides:

"In respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

[1] Defendant was first brought to trial on 13 April 1976, well within the 120-day limit of Article IV(c). Because of the mistrial, defendant had to be retried on 14 June. As defendant would have it, his trial did not commence until 14 June, after the 120-day period had expired. This contention, however, overlooks the effect of a mistrial upon defendant's statutory right to disposition of the charge. In *State v. George*, 271 N.C. 438, 156 S.E. 2d 845 (1967), our Supreme Court held where a criminal defendant is tried within the period prescribed by the Interstate Agreement on Detainers and such trial results in a mistrial, he is not subsequently entitled to have the charges

dismissed even though the second trial occurs after the prescribed time limits, so long as the State uses due diligence in prosecuting the case.

> " . . . The State, of course, cannot control the fact that a jury is unable to agree upon a verdict and is not chargeable with responsibility under these conditions. In 22A C.J.S. 60, Criminal Law § 472(3), it is said: 'If accused is tried within the statutory time . . . and such trial results in a mistrial, as when the jury failed to agree, accused cannot ignore the mistrial and claim a discharge or dismissal upon the ground that he was not tried within the time fixed by the statute providing for that relief. . . . (W)hile accused is entitled to a speedy retrial by virtue of the constitutional or statutory guaranty of a speedy trial, the statute providing for a discharge or dismissal if accused is not tried within a stated time does not govern the time within which a retrial must be had, and the time for a retrial is a matter of judicial discretion.' " 271 N.C. at 442-43, 156 S.E. 2d 848.

We have reviewed Judge Bailey's order and find no error or abuse of discretion in granting the State an additional 90 days in which to retry the case. Accordingly, this assignment is overruled.

[2]  Prior to trial, defendant discovered that, due to circumstances beyond his control, one of his witnesses, Judith L. Chandler, would be unable to testify at trial. Chandler's testimony would have related to defendant's physical appearance at the time of the robbery and contradicted the testimony of the eyewitnesses. He moved for a continuance, and, by order of 14 June 1976, the trial court denied the motion. In his second assignment of error, defendant contends that the denial of his motion for continuance constitutes prejudicial error. We disagree. It is well settled that a motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon is not subject to review absent an abuse of discretion. *State v. Hill*, 287 N.C. 207, 214 S.E. 2d 67 (1975) ; *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526 (1970). Defendant claims that Chandler, who had been his parole officer in Virginia, would have been his most credible witness because his other witnesses had criminal records. However, defendant's witnesses testified as to his appearance on the date of the robbery. Under these cir-

cumstances we find no abuse of discretion in the denial of the motion. *State v. Henderson,* 216 N.C. 99, 3 S.E. 2d 357 (1939); *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880, *cert. den.,* 279 N.C. 729, 184 S.E. 2d 885 (1971). This assignment is overruled.

[3] In Sprague's testimony, she stated that she observed defendant from a distance of one and one-half feet during the robbery. In her description to the police, she did not mention that defendant's nose was unusual. However, defendant introduced testimony that he had broken his nose as a child and that it had since remained deformed. Defense counsel interrupted Sprague's testimony and requested that the jury be allowed to see defendant and Sprague in close proximity to each other. The court denied the motion and defendant assigns the denial as error. He contends that the demonstration would have enabled the jurors to see better the deformity of defendant's nose and to conclude that Sprague's identification of defendant without mention of his nose was inadequate. Where there is no controlling statutory or procedural rule, the conduct of a trial rests in the sound discretion of the trial court. *Shute v. Fisher,* 270 N.C. 247, 154 S.E. 2d 75 (1967); *Frazier v. Glasgow,* 24 N.C. App. 641, 211 S.E. 2d 852, *cert. den.,* 286 N.C. 722, 213 S.E. 2d 721 (1975); 7 Strong, N.C. Index 2d, Trial, § 5, p. 261. Included in the supervisory power of the trial court is the discretion to control the method of the examination of witnesses. 1 Stansbury, N. C. Evidence, § 25, p. 59 (Brandis Rev. 1973). Here defendant does not contend that the jury did not have an otherwise adequate opportunity to view the condition of his nose. Moreover, there was no evidence tending to show that Sprague had any difficulty in identifying defendant as the robber of the store. Under these circumstances, we hold that the trial court did not abuse its discretion in denying defendant's motion.

Defendant's remaining assignments relate to the instructions to the jury. The charge of the court must be read as a whole, and a new trial will not be granted, even where there is technical error, where it clearly appears that the error is not substantial and could not have affected the result. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966). Moreover, the record reveals that defendant did not bring the alleged errors to the trial court's attention prior to the time the jury began its deliberations. "As a general rule, objections to the statement of

contentions and to the review of the evidence must be made before the jury retires, or they are deemed to have been waived." *State v. Ford,* 266 N.C. 743, 746, 147 S.E. 2d 198, 201 (1966). We have examined the charge, however, and hold that it contains no error prejudicial to defendant. These assignments are overruled.

No error.

Judges HEDRICK and ARNOLD concur.