GEORGE E. GODWIN v. CLARK, GODWIN, HARRIS & LI, P.A.; CLARK, TRIB-
    BLE, HARRIS & LI, P.A.; FRANKLIN J. CLARK III; JOSEPH M. HARRIS;
    GERALD LI; AND MICHAEL TRIBBLE

No. 7826SC482

(Filed 17 April 1979)

**Reference § 7; Rules of Civil Procedure § 53— value of stock—compulsory refer-
ence—procedures**

> The report of a certified public accountant appointed as a referee to deter-
> mine the value of plaintiff's stock in a corporation in accordance with a stock
> redemption agreement was not defective because the referee did not conduct
> hearings, examine witnesses under oath, admit exhibits into evidence, prepare
> a record, make definite findings of fact and conduct an audit before making the
> valuation, since such procedures were not required by G.S. 1A-1, Rule 53(f) or
> by the court's order of compulsory reference. Furthermore, the value placed
> on the stock by the referee was supported by an exhibit submitted as a part of
> the report.

APPEAL by plaintiff from *Smith (David I.), Judge.* Judgment
entered 19 January 1978 in Superior Court, MECKLENBURG Coun-
ty. Heard in the Court of Appeals 1 March 1979.

In December 1975, plaintiff brought this action against his
former architectural firm, Clark, Godwin, Harris & Li, P.A.
(hereinafter "Corporation"), the successor firm, Clark, Tribble,
Harris & Li, P.A., and his former partners, Franklin J. Clark III,
Joseph M. Harris, Gerald Li, and Michael Tribble, to enforce his
rights under a stock redemption agreement. The stock redemp-
tion agreement was entered into with the Corporation on 13 May
1974 by the four original shareholders and Tribble, a new
shareholder, providing for the redemption of their stock by the
Corporation upon the death or termination of a shareholder. The
agreement contains the following: "The certified public account-
ant in charge of the books of the Corporation at the time of the
occurrence of any event requiring a sale shall determine the book
value of the capital and surplus of the Corporation by first valu-
ing the entire assets of the Corporation as of the last day of the
calendar month next preceding the month in which any event re-
quiring sale . . . occurs." A formula for determining value was
spelled out in the agreement. The Corporation terminated plain-
tiff's employment around 2 July 1974. This occurrence required
the Corporation to purchase plaintiff's one hundred shares of

stock pursuant to the stock redemption agreement. Upon Corporation's failure to perform, plaintiff brought this action.

Defendants moved for a compulsory reference under Rule 53 of the North Carolina Rules of Civil Procedure for the purpose of determining the value of plaintiff's stock pursuant to the agreement. Defendants' motion was granted in an order entered by Judge Ralph Walker on 15 April 1977, appointing Mr. John L. Eikenberry, a certified public accountant employed with the firm of Coopers and Lybrand, as referee to make the valuation of the stock in accordance with the terms of the stock redemption agreement. Mr. Eikenberry filed the referee's report on 8 November 1977, concluding the value of the stock to be $53.95 per share and the value of plaintiff's shares (100) to be $5,395. On 8 December 1977, plaintiff objected to the report of referee. On 19 January 1978, an order was entered by Judge David I. Smith adopting the report of referee. From the entry of this judgment, plaintiff gave notice of appeal.

*Cansler, Lockhart, Parker & Young, by Joe C. Young and George K. Evans, Jr., for plaintiff appellant.*

*James, McElroy & Diehl, by William K. Diehl, Jr., for defendant appellees.*

MARTIN (Harry C.), Judge.

The sole assignment of error on this appeal was the trial court's acceptance and entry of judgment on the referee's report. Plaintiff filed exceptions to the referee's report and defendants moved to adopt the report, all pursuant to Rule 53(g)(2). Plaintiff contends the report was fatally defective and was not in compliance with Rule 53. Specifically, plaintiff alleges the referee's report is defective because it contained no records and exhibits considered by the referee in rendering his decision, no hearings were held, nor was there an audit. Plaintiff contends these defects manifest a denial of constitutional and statutory due process requirements in that plaintiff was not given an adversary hearing with the opportunity to present evidence and testimony, and to challenge the evidence and testimony presented by other parties. Defendants contend plaintiff failed to enter a timely objection to the order of reference.

The procedures to be applied in a compulsory reference are set out in the statute. The statute provides:

Rule 53. Referees.

(a) Kinds of reference.—

. . . .

(2) Compulsory.—Where the parties do not consent to a reference, the court may, upon the application of any party or on its own motion, order a reference in the following cases:

a. Where the trial of an issue requires the examination of a long or complicated account; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein.

. . . .

. . . .

(e) Powers.—The order of reference to the referee may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts. . .. Subject to the specifications and limitations stated in the order, every referee has power to administer oaths in any proceeding before him, and has generally the power vested in a referee by law. . . .

(f) Proceedings.—

(1) Meetings.—When a reference is made, the clerk shall forthwith furnish the referee with a copy of the order of reference. Upon receipt thereof unless the order of reference otherwise provides, the referee shall forthwith set a time and place for the first meeting of the parties or their attorneys to be held within 20 days after the date of the order of reference and shall notify the parties or their attorneys. . . .

(2) Statement of Accounts.—When matters of accounting are in issue before the referee, he may prescribe the form in which the accounts shall be submitted . . .. Upon objection of a party to any of the items thus submitted or upon a showing that the form of statement is insufficient, the referee may require a different form of statement to be furnished, or the accounts of specific items thereof to be proved by oral examination of the accounting parties or upon written interrogatories or in such other manner as he directs.

N.C. Gen. Stat. 1A-1, Rule 53.

In the case *sub judice,* defendants entered a motion for reference pursuant to Rule 53 for the reason that one of the issues in the lawsuit involved the examination of a long and complicated account. The trial judge found the issue did involve a long and complicated account and properly granted the motion. Rule 53(a)(2)a; *Shute v. Fisher,* 270 N.C. 247, 154 S.E. 2d 75 (1967). In entering a compulsory reference, the statute spells out the powers that a judge may give the referee. The duty and powers of the referee are not inherent but are determined by the order of the judge. *Jones v. Beaman,* 117 N.C. 259, 23 S.E. 248 (1895). Mr. Eikenberry, a certified public accountant, was appointed referee "for the purpose of valuing Plaintiff's stock" and was instructed to make the valuation "in accordance with the terms of the stock redemption agreement" as of 30 June 1974. The trial judge further instructed Mr. Eikenberry that he was to "function as the 'certified public accountant' " as utilized in the stock redemption agreement. The order authorized, but did not require, the referee to conduct a hearing and take evidence. The meeting under Rule 53(f) is not required if the "order of reference otherwise provides." The trial judge found that a meeting as contemplated under Rule 53(f) was not necessary, but left this in the discretion of the referee.

Plaintiff challenges the instructions given the referee in the order of the trial court and the procedures followed by referee in conducting the valuation. Plaintiff maintains that the trial court and referee did not comply with the terms of Rule 53 in that referee did not conduct hearings, examine witnesses under oath,

admit exhibits into evidence, prepare a record, make definite findings of fact and conduct an audit before making the valuation. None of these procedures are required under the statute. The trial court order did not require any of these procedures. The stock redemption agreement did not require an audit of the corporate books to determine the value of the stock. The judge instructed the referee to make the valuation according to the terms of the agreement. Therefore, the referee acted properly in not conducting an audit. At the time the order for a compulsory reference was entered, plaintiff did not object to the contents of the order. Plaintiff cannot now complain. We find no error in these exceptions.

Plaintiff complains on appeal that the referee's activities were conducted *ex parte.* To the contrary, the record shows plaintiff, his attorney and accountant appeared before the referee and participated in the proceedings. The record indicates that none of the defendants nor their representatives contacted the referee during the proceedings, except to agree by letter to extensions of time for the filing of the referee's report. During the proceedings before the referee, plaintiff did not object at any time to the procedures used. We find no error in this exception.

Plaintiff further contends the referee's report is fatally defective because it is ambiguous and equivocal in its language and not supported by any evidence. The referee's report established a value of the stock according to the formula prescribed in the stock redemption agreement. The report contained a balance sheet for Clark, Godwin, Harris & Li, P.A.; explanations of the items appearing in the balance sheet; and how the valuation procedures in the agreement were applied to the figures. The order of reference did not require the referee to make findings of fact and conclusions of law and there were none labeled as such in the report. The referee's report was very clear in its language, and the value placed on the stock by the referee was supported by the exhibit submitted as a part of the report.

Plaintiff made no exception to the referee's finding as to the value of his stock. Under the terms of the order of reference, the finding of fact by the referee that plaintiff's stock had a value of $5,395 is supported by the evidence in the record, and the trial

court's approval of this finding is conclusive on appeal and is affirmed. *Williamson v. Spivey*, 224 N.C. 311, 30 S.E. 2d 46 (1944).

Affirmed.

Judges VAUGHN and ERWIN concur.